The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, AR 72556-0420
Dear Representative Miller:
This is in response to your request for an opinion regarding a particular situation involving a lease between the Board of Trustees for the Arkansas School for the Blind and School for the Deaf ("Board") (as lessor) and the Arkansas Easter Seal Society, Inc. ("Easter Seal") (as lessee). You note that there are certain restrictions in the lease, including a provision prohibiting the lessee from assigning the lease or subletting the premises. The lease also requires that the premises be used for the purpose of constructing and maintaining a rehabilitation facility.
Your specific questions in this regard are as follows:
1. Were the lease restrictions legislated?
 2. Who must be involved in removing these restrictions?
 3. Is there a Bill of Assurance or deed restriction requiring certain permitted use of the demised land?
 4. What, if any, restrictions are required by state law in selling or sub-leasing the property to a state agency [or] to any other third party?
 5. If the land and/or improvements can be sold or sub-leased, what are the steps in the process?
With regard to your first question, my research has yielded no legislation establishing these specific lease restrictions. As a general matter, the Code sections pertaining to the Arkansas Schools for the Blind and the Deaf state, respectively, that the Board of Trustees may take and hold in trust for the use of the school any lands conveyed or devised, to be applied to the use and benefit of the school. See A.C.A. §§ 6-43-205(a) and (b) and 6-43-302(a) (1987). While these provisions do not require the particular use restriction appearing in this lease, or prohibit an assignment or sublease, they must, in my opinion, be considered in connection with any subsequent use of the leased property.
I assume, with regard to your second question, that the parties to the agreement would be the ones involved in any negotiation of a change in the terms of the agreement. While it may be concluded as a general matter that the parties can renegotiate the lease provisions, any questions concerning the state's actions in removing the restrictions would require consideration of the actual terms agreed upon. I have not been provided with specific information in this regard; but in any event, this matter is properly referred to the parties and their legal counsel for consideration with reference to the specific facts.
In response to your third question, this matter raises a fact question and involves a records search. As such, it is not properly within the scope of an Attorney General opinion, which must be focused upon questions involving the interpretation of state law. The attorney for the Board would be the appropriate source of information in this regard.
Your fourth and fifth questions require reference to the Arkansas State Building Services Act, which is codified at A.C.A. §§22-2-101—120 (1987 and Cum. Supp. 1991), and the State Agencies Facilities Acquisition Act of 1991, found at A.C.A. §§22-3-1401—1416 (Cum. Supp. 1991). A review of these acts compels me to suggest that rather than attempting to address all of the possible steps that are required or that may be desirable in this process, the office of State Building Services be contacted directly as the most expedient means of addressing the specific needs in this instance. With regard to a sale of state lands to a third party, the procedure set forth in A.C.A. § 22-6-601 (Cum. Supp. 1991) must be considered. With regard to a lease, as a general matter, where a state agency is involved, the acquisition and granting of leasehold interests in land is regulated and supervised by the State Building Services. See A.C.A. §22-2-114. The State Building Services is given the authority and responsibility to act as the leasing agent for all state agencies, acting either as lessor or lessee, and no state agency may enter into or renew or otherwise negotiate a lease between itself as lessor or lessee and a nongovernmental or other government lessor or lessee. Id.
With regard to a state agency's acquisition of property, the specific statutory authority of the particular agency in question would have to first be considered. Alternatively, State Building Services has the authority to submit a request to the General Assembly for the purchase of existing buildings and sites for use as public buildings. See A.C.A. § 22-2-108 (1987).
You state in your letter that it is contemplated that State Building Services will be contacted to see if the building in question may be appropriate for use by one or more state agencies, either on a lease or sale basis. This is, in my opinion, the proper initial step in the process. The necessary subsequent steps can then be more readily identified, following a review of all relevant facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh